Salem

VOLVO WHITE TRUCK CORP., et al.

v.

ROBERT DONALD HEDGE

No. 0152-85

Argued June 26, 1985
Decided November 19, 1985

COUNSEL

James C. Joyce, Jr. (Richard S. Phillips; Gentry, Locke, Rakes & Moore, on brief), for appellants.

Robert Jett Ingram, Jr., (Gilmer, Sadler, Ingram, Sutherland & Hutton, on brief), for appellee.

OPINION

**COLEMAN, J.**—Volvo White Truck Corporation (Volvo) appeals from an order of the Industrial Commission directing reimbursement to claimant, Robert Donald Hedge, of medical expenses for an eye examination and eyeglasses, and awarding him attorney's fees. Volvo contends that Hedge is barred from recovery because he refused a medical examination at the request of the employer. Also, Volvo contends that there is no credible evidence that the treating physician referred Hedge for an eye examination or that Hedge's eye condition was caused by the industrial accident. Finally, Volvo urges that we disallow the attorney's fees because, as a matter of law, its defense of the claim was not unreasonable. We affirm the award of medical expenses, but reverse the award of attorney's fees.

The treating physician, Dr. Gordon Burch, a neurologist, diagnosed Hedge's injury as a chronic vestibulopathy resulting from being struck in the head with a wrench in August of 1982. Dr. Burch characterized the post-traumatic vestibulopathy as a "transient sequella of closed head injury." Hedge's symptoms, which Dr. Burch determined could persist intermittently for two to four years, were dizziness, vertigo, nausea, and some blurring of vision when dizziness was present.

On June 26, 1984, Hedge informed Dr. Burch that the dizziness and blurred vision had cleared, but that his eyes hurt. Hedge testified that Dr. Burch advised, "if your blurred vision is cleared up you probably need new glasses . . . . I recommend you get your eyes checked." On July 17, 1984, Dr. Burch wrote Volvo that Hedge "suffers from a vestibulopathy with visual disturbance aggravated at times by his work. It is recommended that he get an updated eye examination at this time."

As a result of Dr. Burch's advice, Hedge made his own appointment and had his eyes examined by his personal optometrist, Dr. Scott Brandau, who prescribed new glasses. Hedge had the prescription filled at a cost of $58, for which he sought reimbursement from Volvo. Volvo refused to pay the claim and Hedge filed for a hearing before the Commission.

Shortly before the impending Industrial Commission hearing, Hedge's supervisor informed him upon his arrival at work that an

independent examination with an ophthalmologist had been arranged at 8:45 a.m. that same morning. Volvo made no effort to notify Hedge's counsel of the appointment, despite having been aware of his representation. Hedge refused to be examined at that time.

As a result, Volvo asserted the defense that Hedge had refused a medical examination. The Commission found that the expense which Hedge had incurred for eyeglasses resulted from the industrial injury, that Hedge had justifiably refused to permit the independent eye examination, and that Volvo had defended the claim for Dr. Brandau's services without reasonable grounds.

## I.

Volvo contends that Hedge should have been barred from recovery by Code § 65.1-91, because he refused medical examination at the request of the employer. Code § 65.1-91 provides that an employee,

> if so requested by his employer . . ., shall submit himself to examination, at reasonable times and places, by a duly qualified physician or surgeon designated and paid by the employer . . . . The employee shall have the right to have present at such examination any duly qualified physician or surgeon provided and paid by him.

Should an employee refuse to cooperate in such an examination, his right to compensation is suspended until his refusal ceases. *Id*. Volvo did not inform Hedge of the appointment with the ophthalmologist until thirty minutes before the time of the appointment. Hedge had no time or opportunity to arrange to have his own physician present. Hedge's counsel was never informed of the appointment. The Commission's findings of fact, if supported by credible evidence, are conclusive and binding on appeal. Code § 65.1-98; *McCaskey* v. *Patrick Henry Hospital,* 225 Va. 413, 415, 304 S.E.2d 1, 2 (1983). The Commission's finding that the claimant's refusal to be examined was justified due to inadequate notice of the appointment is clearly supported by the evidence, and we affirm.

## II.

Volvo claims that there is no credible evidence to establish a causal relationship between the vestibulopathy and eye problem and argues that the Commission erred in finding that Dr. Burch referred Hedge to an optometrist as a part of the necessary medical treatment resulting from the industrial injury. Volvo relies upon Dr. Brandau's responses to interrogatories that "[t]o attribute changes in refractive error from induced chronic vestibulopathy" would be "extremely remote," while corneal scarring, from which Hedge suffered, was well known to cause such changes.

Hedge contends, on the other hand, that the causal connection between the refractory problems and the vestibulopathy is established by Dr. Burch's report dated August 23, 1984:

> This patient has been under my care now for sometime with respect to chronic vestibulopathy which had caused considerable disability and was accompanied by visual obscuration. Also the treatment required for the vestibulopathy also had an effect on his vision and this ultimately required re-examination from the opthomologic (sic) standpoint on two occasions within the past year with reference to his refraction. The vestibulopathy is aggrevated (sic) by his work circumstance and therefore in my judgement the need for opthomologic (sic) review and refraction on both occasions was related to his work and the condition aggrevated (sic) by the nature of that work.

Hedge also asserts that the Commission properly accepted the opinion of Dr. Burch, a medical doctor, rather than Dr. Brandau, an optometrist, as to the cause of the refractory problems.

Whether the employer is responsible for medical expenses pursuant to Code § 65.1-88 depends upon: (1) whether the medical service was causally related to the industrial injury; (2) whether such other medical attention was necessary; and (3) whether the treating physician made a referral to the patient. The determination of proximate cause between an injury and the industrial accident is a factual finding conclusively binding on appeal if supported by credible evidence. *Mills* v. *Virginia Electric & Power Co.,* 197 Va. 547, 551, 90 S.E.2d 124, 127 (1955).

Whether medical attention is necessary is a matter for the attending physician or the Industrial Commission to determine, not the employer. Code § 65.1-88; *Jensen Press* v. *Ale,* 1 Va. App. 153, 158, ___ S.E.2d ___ (1985). So long as a causal relationship between the industrial accident and the complaints which are the subject of the referral is shown, the employer is financially responsible for the medical attention which the attending physician deems necessary, subject to review by the Commission. *Id.* The Commission found that both the causal relationship between Hedge's eye problems and the vestibulopathy, and the necessity for the eye examination and eyeglasses had been demonstrated. The Commission interpreted Dr. Burch's report of August 23, 1984, to establish that Hedge's working conditions had aggravated the vestibulopathy, which in turn caused dizziness and vertigo, and was the cause of the refractory problems. Although there was conflicting expert testimony as to the cause of the refractive error, the Commission chose to give more weight to the opinion of Dr. Burch, the medical doctor. *See Eccon Construction Co.* v. *Lucas,* 221 Va. 786, 790, 273 S.E.2d 797, 799 (1981). The Commission's findings that Hedge had proved the causal relationship between his refractory problem and the vestibulopathy, and had proved the necessity of the medical referral are supported by credible evidence, and we affirm.

## III.

The Commission awarded $200 in attorney's fee to Hedge, finding that the claim was defended without reasonable grounds. Code § 65.1-101 provides:

> If the Industrial Commission or any court before whom any proceedings are brought or defended by the employer under this Act shall determine that such proceedings have been brought, prosecuted or defended without reasonable grounds, it may assess against the employer who has so brought, prosecuted or defended them the whole cost of the proceedings, including a reasonable attorney fee, to be fixed by the Commission.

Assessment of costs and attorney's fee is not required in the case of every defense of a proceeding undertaken without reasonable grounds. The matter is left to the sound discretion of the Commis-

sion. Code § 65.1-101; *Jensen Press,* 1 Va. App. at 159, ___ S.E.2d at ___. We will not disturb such an assessment unless there is an abuse of discretion.

A claimant has the burden to show by the preponderance of the evidence that the compensable accident is the actual cause of an injury. *A.N. Campbell & Co.* v. *Messenger,* 171 Va. 374, 379, 199 S.E. 511, 514 (1938). The employer is entitled to such a showing before it accepts responsibility for payment.

Before agreeing to pay for the eye examination, Volvo sought clarification from Dr. Burch as to whether it was a referral necessitated by the vestibulopathy. The doctor's letter to Volvo on July 17, 1984, stated that Hedge "suffers from a vestibulopathy with visual disturbance aggrevated (sic) at times by his work. It is recommended that he get an updated eye examination at this time." In the answers to the interrogatories propounded to Drs. Brandau and Burch, Volvo received conflicting expert medical opinions as to the cause of the refractive error. The facts available prior to the hearing could reasonably have caused Volvo to doubt the compensability of the claim or whether the claimant could sustain his burden of proof. Attorney's fees may be awarded in a workers' compensation case only when it is defended "without reasonable grounds." Code § 65.1-101; *see Norfolk Department of Fire* v. *Lassiter,* ___ Va. ___, 324 S.E.2d 656, 657-58 (1985). If an employer refuses to pay a claim, reasonably believing that it is not compensable, and in the course of its investigation the grounds for refusal are not so contradicted as to be shown unfounded, then the subsequent defense is reasonable, even if it is later proven misplaced or in error. *See Lassiter,* ___ Va. at ___, 324 S.E.2d at 656. The Commission abused its discretion in awarding costs and attorney's fee to Hedge pursuant to § 65.1-101, and we reverse that award.

*Affirmed in part,*
*reversed in part.*

Koontz, C.J., and Keenan, J., concurred.