COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


SIGNET BANKING CORPORATION
AND
AMERICAN MOTORISTS INSURANCE COMPANY

MEMORANDUM OPINION[*]
v.   Record No. 0805-95-2                    PER CURIAM
SEPTEMBER 26, 1995
DEBORAH MEADE-CROMER


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Lynne Jones Blain; Michelle P. Wiltshire; Morris and
Morris, on briefs), for appellants.

(Deborah Meade-Cromer, pro se, on brief).


Signet Banking Corporation and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that the employer was

responsible for the cost of certain treatment rendered to Deborah

Meade-Cromer by Dr. Terry Whipple, an orthopedic surgeon.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

"Whether the employer is responsible for medical expenses . . .

depends upon: (1) whether the medical service was causally

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

related to the industrial injury; (2) whether such other medical attention was necessary; and (3) whether the treating physician made a referral . . . [of] the patient." Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 199, 336 S.E.2d 903, 906 (1985).

The parties do not dispute that Dr. Whipple's treatment was causally related to Meade-Cromer's industrial accident and that it was necessary. Addressing the referral, the commission found as follows:

> We consider Dr. [Forrest] Jessee's September 2, 1994 letter a valid referral. It is clear that in Dr. Jessee's opinion, Meade-Cromer was in need of surgical intervention that Dr. Whipple could provide. While Meade-Cromer may have initially treated with Dr. Whipple on her own initiative, on September 2, 1994, her treating physician, Dr. Jessee, officially referred her to Dr. Whipple.

Dr. Jessee's September 2, 1994 letter provides credible evidence to support the commission's finding that he made a valid referral of Meade-Cromer to Dr. Whipple. We find no merit in employer's argument that because Meade-Cromer had previously sought unauthorized treatment from Dr. Whipple, for which employer was not held responsible, Dr. Jessee's later referral was not valid.

Accordingly, we affirm the commission's decision.

Affirmed.