COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

BURNLEY MORAN ELEMENTARY SCHOOL
AND
CONSOLIDATED RISK MANAGEMENT SERVICE, INC.

v.   Record No. 1756-95-2               MEMORANDUM OPINION[*]
                                            PER CURIAM
STEWART LEE MORTON                       DECEMBER 29, 1995

                            FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (J. Brian Jackson; Patricia C. Karppi; McGuire, Woods,
          Battle & Boothe, on brief), for appellants.

          (George L. Townsend; Chandler, Franklin & O'Bryan, on
          brief), for appellee.


     Burnley Moran Elementary School and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in (1) finding that Stewart Lee

Morton's disability was causally related to his compensable March

26, 1992 injury by accident; and (2) finding that Chiropractor

Paul Stangil was an authorized treating physician.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27

                    I.  Change in Condition

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

_____

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).  "Questions raised by conflicting medical opinions must be decided by the commission."  Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In awarding compensation benefits to Morton, the commission found as follows:

> We . . . find that [Morton's] current disability stems from his accident of March 26, 1992.  Although [Morton] had a history of complaining of back pain, these complaints were, as Dr. Stangil noted, self-resolving. A CT scan before the accident showed no disc herniations.  The last time [Morton] complained of back pain was 11 months before the accident.  There is no evidence that any disability resulted from his earlier back complaints, and [Morton] performed his job as a school custodian for 13 years prior to the accident.  After the accident, [Morton] was never able to return to his previous job.  A CT scan revealed multiple disc herniations. Dr. [John A.] Jane, who never saw [Morton], and his resident Dr. [Richard S.] Polin, were unaware of the CT scan results, and recommended that a CT scan be performed on three occasions.  Because they only considered the EMG results, which were normal, they stated that there is nothing wrong with [Morton].  We find that Dr. Stangil's opinion is more persuasive than Dr. [David M.] Heilbronner's on the issue of whether [Morton's] current condition pre-existed the accident.  Dr. Stangil is the only treating doctor who has continued to follow the case closely, and his opinion is supported by the medical evidence and work history of [Morton].

2

In its role as fact finder, the commission was entitled to weigh the medical evidence and to accept the opinion of Dr. Stangil. The commission was also entitled to reject the opinions of Drs. Jane, Polin, and Heilbronner. Dr. Jane never examined Morton. Dr. Stangil continuously treated Morton during the year prior to the hearing. Moreover, Drs. Jane and Polin were unaware of the CT scan results. In cases of conflicting medical evidence, "[t]he general rule is that when an attending physician is positive in his diagnosis . . . , great weight will be given by the courts to his opinion." Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986). Dr. Stangil's opinions, along with Morton's medical and work history, constitute credible evidence to support the commission's decision. "The existence of contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

## II. Treating Physician

"Whether the employer is responsible for medical expenses . . . depends upon: (1) whether the medical service was causally related to the . . . injury [by accident]; (2) whether such other medical attention was necessary; and (3) whether the treating physician made a referral [of] the patient." Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 199, 336 S.E.2d 903, 906 (1985). Based upon repeated referrals by Drs. Heilbronner and Jane, the

3

commission found that Dr. Stangil was an authorized treating chiropractor.  The testimony of Morton and Dr. Stangil, and the medical records of Drs. Heilbronner, Jane, and Stangil, provide credible evidence to support this finding.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>