COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

FOOD LION, INC.

MEMORANDUM OPINION[*]
v.    Record No. 1997-96-3                    PER CURIAM
                                       DECEMBER 30, 1996
RUBY JEAN KENNEDY

         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Cathie W. Howard; Williams & Pierce, on
              brief), for appellant.

              (D. Edward Wise, Jr.; Arrington, Schelin &
              Herrell, on brief), for appellee.


         Food Lion, Inc. (employer) appeals a decision of the

Workers' Compensation Commission (commission) holding employer

responsible for the cost of medical treatment rendered to Ruby

Jean Kennedy (claimant) by Dr. James Eden, a psychiatrist.

Employer contends that the commission erred in finding that Dr.

Eden's treatment was (1) authorized, (2) causally related to

claimant's compensable August 31, 1992 back injury, and (3)

necessary.  Finding no error, we affirm the commission's

decision.

         On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Factual findings made by the commission will be upheld on appeal

if supported by credible evidence.  James v. Capitol Steel

         [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).
"Whether the employer is responsible for medical expenses . . .
depends upon: (1) whether the medical service was causally
related to the industrial injury; (2) whether such other medical
attention was necessary; and (3) whether the treating physician
made a referral to [sic] the patient."  Volvo White Truck Corp.
v. Hedge, 1 Va. App. 195, 199, 336 S.E.2d 903, 906 (1985).

I.

In addressing whether claimant received a valid referral
from Dr. Timothy G. McGarry, her treating physician, to obtain
treatment from Dr. Eden, the commission found as follows:

> The record indicates that the claimant
> initially sought treatment with Dr. Eden
> without benefit of a referral.  She treated
> with him on two occasions before Dr. McGarry
> referred her.
> In his office note of October 28, 1992,
> Dr. McGarry recorded:  "Per the patient's
> request, I'd also like to refer her to Dr.
> James Eden in Cedar Bluff for evaluation of
> her nervous condition."

Dr. McGarry's office notes, as well as his October 28, 1992
letter to Dr. Eden, provide credible evidence to support the
commission's finding that Dr. McGarry made a valid referral of
claimant to Dr. Eden.  We find no merit in employer's argument
that Dr. McGarry's referral was not valid because claimant had
previously sought unauthorized treatment from Dr. Eden on two
occasions.

II. and III.

In its role as fact finder, the commission was entitled to

2

accept Dr. Eden's opinion that claimant's psychiatric condition and treatment were necessary and were causally related to her compensable August 31, 1992 back injury.  Dr. Eden's opinion, his medical records, and claimant's testimony provide credible evidence to support the commission's decision.  "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).  Moreover, "[i]n determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Id.

For these reasons, we affirm the commission's decision.

Affirmed.