COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

STEPHEN SLOTA

v.   Record No. 0048-97-4                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
EASTERN AIRLINES                             MAY 27, 1997
AND
TRAVELERS INDEMNITY COMPANY

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Stephen Slota, pro se, on brief).

                (Susan A. Evans; Siciliano, Ellis, Dyer &
                Boccarosse, on brief), for appellees.


     Stephen Slota sustained a compensable injury to his left middle finger.  He contends that the Workers' Compensation Commission erred in finding that Eastern Airlines was not responsible for forty additional acupuncture treatments to his finger.  Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "Whether the employer is responsible for medical expenses . . . depends upon: (1) whether the medical service was causally related to the industrial injury; (2) whether such other medical

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

attention was necessary; and (3) whether the treating physician made a referral . . . [of] the patient." Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 199, 336 S.E.2d 903, 906 (1985). Unless we can say as a matter of law that Slota's evidence sustained his burden of proving that the forty additional acupuncture treatments constituted reasonable, necessary, and causally-related medical treatment, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In refusing to hold employer responsible for providing Slota with an additional forty acupuncture treatments, the commission made the following findings:

> In February 1996, Dr. [Kenneth W.] Eckmann approved a two month trial of acupuncture therapy. On March 11, 1996, the claimant commenced acupuncture under the care of Yeh Chong Chan, O.M.D.C.A. After forty treatments, the claimant experienced some relief. Mr. Chan recommended that the claimant should continue with the acupuncture, since he was experiencing some relief after fifteen years of severe pain, and in such difficult cases, there should be a minimum of eighty treatments to see significant improvement. Dr. Eckmann declined to approve the additional treatments because Mr. Chan "cannot give me a very good idea of what maximum benefit might be nor how long it would last."

As fact finder, the commission was entitled to accept Dr. Eckmann's opinion that no evidence showed that the additional acupuncture treatments were either reasonable or necessary to the treatment of Slota's compensable finger injury. As the treating

- 2 -

physician, Dr. Eckmann's opinion was entitled to be given great weight by the commission. See Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986).

Because Slota's evidence did not prove as a matter of law that the additional forty acupuncture treatments were reasonable and necessary medical treatment for his compensable finger injury, the commission's findings are binding and conclusive upon us. Accordingly, we affirm the commission's decision.

Affirmed.