COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


MICHAEL A. FOTI
                                        MEMORANDUM OPINION*
v.   Record No. 0882-97-4                   PER CURIAM
                                         JULY 29, 1997
ARLINGTON COUNTY


                                       FROM THE VIRGINIA
WORKERS' COMPENSATION COMMISSION

          (Michael A. Foti, pro se, on briefs).

          (Lisa C. Healey; Siciliano, Ellis, Dyer &
          Boccarosse, on brief), for appellee.


     Michael A. Foti (claimant) contends that the Workers'

Compensation Commission (commission) erred in refusing to award

him reimbursement for (1) miles he travelled to medical visits

prior to 1986; (2) attorneys' fees, expert witnesses' fees and

transcript costs incurred with respect to a 1991 hearing;

(3) attorneys' fees incurred in securing a Memorandum of

Agreement in 1983; (4) the cost of a Balan's chair; and (5) the

cost of Dr. Lucy White Ferguson's chiropractic treatment.

Claimant also requests an award for cost-of-living adjustments.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

---

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E. 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

## Mileage Reimbursement

Claimant requested mileage reimbursement for using his personal vehicle during 1983 to travel from Arlington to Alexandria, Virginia for orthopedic treatment. He also requested reimbursement for expenses incurred in travelling from his home in Seabrook, Maryland to Leeland Memorial Hospital for physical therapy through September, 1983.

Because claimant did not provide evidence of the number of miles travelled or the specific dates of the travel, we cannot find as a matter of law that claimant's evidence sustained his burden of proof.

## Attorneys' Fees, Expert Witnesses' Fees, and Transcript Costs

Claimant's requests for attorneys' fees, expert witnesses' fees and transcript costs incurred in 1983 and 1991 were not timely. Moreover, nothing in the Workers' Compensation Act supports an award of these expenses under the circumstances of this case.

## Balan's Chair

"Whether the employer is responsible for medical expenses . . . depends upon: (1) whether the medical service was causally

related to the industrial injury; (2) whether such other medical attention was necessary; and (3) whether the treating physician made a referral to [sic] the patient." Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 199, 336 S.E.2d 903, 906 (1985).

Claimant purchased the Balan's chair on his own initiative. He presented no evidence that the purchase of the chair was medically necessary or causally related to his compensable injury by accident. Accordingly, we cannot find as a matter of law that claimant's evidence sustained his burden of proof.

### Dr. Ferguson's Treatment

Claimant testified that a friend referred him to Dr. Ferguson in 1983 for chiropractic treatment. Claimant admitted that his treating physician, Dr. Henry Danaceau, did not refer him to Dr. Ferguson. Claimant also admitted that he received a letter from his employer denying authorization for Dr. Ferguson's treatment. Absent a proper referral by claimant's treating physician for him to seek treatment from Dr. Ferguson, we cannot find as a matter of law that claimant's evidence sustained his burden of proving employer responsible for the cost of Dr. Ferguson's treatment. See Shenandoah Prods., Inc. v. Whitlock, 15 Va. App. 207, 210-11, 421 S.E.2d 483, 485 (1992).

### Cost-of-Living Adjustments

Claimant did not make clear in his briefs the error he alleges that the commission made in rendering its award of cost-of-living adjustments. In any event, our review of the

3

record does not reveal any error with respect to this portion of the commission's decision.  Accordingly, it will not be disturbed on appeal.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>