COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


THOMAS R. BRANDON, JR.

v.   Record No. 1877-97-2

CITY OF RICHMOND FIRE DEPARTMENT

MEMORANDUM OPINION[*]
PER CURIAM
DECEMBER 23, 1997

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Geoffrey R. McDonald; Laura A. McDonald;
Geoffrey R. McDonald, P.C., on brief), for
appellant.

(William Joe Hoppe, Senior Assistant City
Attorney; Office of the City Attorney, on
brief), for appellee.


Thomas R. Brandon, Jr. (claimant) contends that the Workers'

Compensation Commission abused its discretion by refusing to hold

the City of Richmond Fire Department (employer) responsible for

Brandon's attorney's fees pursuant to Code § 65.2-713.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

Code § 65.2-713 authorizes the commission to assess the

costs of the proceedings, including a reasonable attorney's fee,

against an employer who has defended any proceeding without

reasonable grounds.  "Attorney's fees may be awarded in a

workers' compensation case only when it is defended 'without

reasonable grounds.'"  <u>Volvo White Truck Corp. v. Hedge</u>, 1 Va.

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

App. 195, 201, 336 S.E.2d 903, 907 (1985).

"On appeal, we review the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

The commission held that employer defended against the claim on reasonable grounds and declined to assess attorney's fees. In so ruling, the commission stated as follows:

> The carrier has the right to fully investigate any claim to determine its compensability. The claimant was contacted by a claims adjuster who requested that he provide additional information and, if necessary, a recorded statement, neither of which was provided. Although the Employer's First Report of Accident stated that he felt a "pop," this evidence does not conclusively prove an injury by accident. Additionally, the medical records are somewhat conflicting, and the recorded statement could have cleared any confusion surrounding this issue. We find the carrier's request for additional information in the form of a recorded statement was reasonable. Since they did not receive full cooperation with the investigation, they had no choice but to go to Hearing on the matter.

Based upon the inconsistencies between the Employer's First Report of Accident and the medical records concerning the description of claimant's accident and subsequent injury, the commission could conclude that employer acted reasonably in

2

deciding that it needed additional information to determine the compensability of the claim. Claimant refused to provide employer with such information. Furthermore, the record reveals that claimant's version of events ultimately differed from that of his long-time friend and co-worker, Donald Shires, raising a credibility issue for the commission to determine.

Based upon this record, credible evidence supports the commission's finding that employer's defense of the claim was reasonable. Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>