COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


ROBERT RAPHAEL AMBROGI, JR.

MEMORANDUM OPINION*

v.    Record No. 1360-99-4        PER CURIAM
                                  NOVEMBER 23, 1999

MANPOWER, INC.
AND
CONTINENTAL CASUALTY COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Robert Raphael Ambrogi, Jr., pro se.)

            (Heather K. Bardot; Trichilo, Bancroft,
            McGavin, Horvath & Judkins, P.C., on brief),
            for appellees.


     Robert Raphael Ambrogi, Jr. (claimant) contends that the

Workers' Compensation Commission (commission) erred in denying

his application alleging a change-in-condition and seeking

reinstatement of compensation benefits.  Specifically, claimant

contends that the commission erred in finding that (1) his

application was barred because he failed to cure his refusal of

selective employment within the six-month limitation period set

forth in Code § 65.2-510(C); and (2) the medical bills he

submitted, other than those from his treating physician, Dr.

Mary Beth Connell, were not employer's responsibility because

they were either for unauthorized treatment or for treatment

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

unrelated to claimant's compensable May 15, 1996 injury by accident. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit.[1] Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

I.

Code § 65.2-510(C) provides in pertinent part as follows:

> A cure of unjustified refusal pursuant to subsection A may not be established if the unjustified refusal lasts more than six months from the last day for which compensation was paid before suspension pursuant to this section . . . .

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

So viewed, the evidence established that on May 30, 1997, Deputy Commissioner Bruner ruled that claimant unjustifiably refused selective employment as of August 15, 1996. Neither party requested review of that opinion. Accordingly, it became binding and conclusive upon them.

Claimant testified that since January 1998 he was employed as a distributor for a company that sells vitamins and minerals. Even "[a]ccepting that the claimant's employment as a

---

[1] Because claimant did not include a list of the questions presented for appeal in his brief, we have framed the issues to include those addressed by the commission and arguably addressed by claimant in the narrative portion of his brief.

- 2 -

distributor [was] a cure of his earlier refusal of selective employment," as the commission did, the evidence did not establish that the cure occurred within six months of his refusal on August 15, 1996. Accordingly, the commission did not err in finding that Code § 65.2-510(C) applied to this case and barred claimant's change-in-condition application for further compensation benefits.

## II.

"Whether the employer is responsible for medical expenses . . . depends upon: (1) whether the medical service was causally related to the industrial injury; (2) whether such other medical attention was necessary; and (3) whether the treating physician made a referral to [sic] the patient." Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 199, 336 S.E.2d 903, 906 (1985). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's request that employer be held responsible for medical expenses, other than those which claimant incurred with Dr. Connell, the commission found as follows:

> We note that the Commission's May 30, 1997 Opinion addressed the question of the relationship between the claimant's

- 3 -

industrial accident and his temporomandibular joint problems and hearing and speech problems. [That] opinion is given res judicata effect in this proceeding.

. . . When [that] Opinion . . . became final on June 19, 1997, no further litigation could occur on these issues.

All other bills, except those for Dr. Connell's services, are clearly unrelated to the claimant's May 15, 1996 industrial accident. . . . There is no evidence in the record to establish that the claimant suffered injuries other than to his neck, back, and left upper extremity injuries [sic] in his May 15, 1996 accident.

In light of the applicability of the doctrine of res judicata, the lack of any persuasive medical evidence of a causal connection between the disputed medical bills and claimant's compensable May 15, 1996 injuries, and the absence of proper referrals from the treating physician, we cannot find as a matter of law that the evidence was sufficient to sustain claimant's burden of proof.

For these reasons, we affirm the commission's decision.

Affirmed.