COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, Agee and Senior Judge Coleman


MARY IMMACULATE HOSPITAL AND
 RECIPROCAL OF AMERICA

MEMORANDUM OPINION*
v.   Record No. 1106-01-2                PER CURIAM
                                     SEPTEMBER 4, 2001
BRENDA H. NASH


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Karen A. Gould; Angela C. Fleming; Crews &
            Hancock, P.L.C., on briefs), for appellants.

            (Byron A. Adams, on brief), for appellee.


     Mary Immaculate Hospital and its insurer (hereinafter

referred to as "employer") contend the Workers' Compensation

Commission erred in (1) finding that Brenda H. Nash's (claimant)

refusal to attend a January 14, 2000 appointment with

Dr. Mark B. Kerner, an orthopedist, did not constitute a refusal

of necessary medical treatment; and (2) failing to rule that

claimant's refusal to attend the appointment with Dr. Kerner was

unjustified.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

In denying employer's application, the commission found as follows:

> [I]t was the claimant, not her physiatrist, Dr. [Thomas] Moran, who requested an orthopedic consultation. Despite the fact that he saw "little chance of any surgical options," Dr. Moran reluctantly referred her to Dr. Kerner. The claimant decided not to see Dr. Kerner, and her primary care physician supported her wish not to drive the distance required. The claimant's calls to the carrier's representative, Ms. Moorehead, were not returned. Dr. Kerner reviewed the claimant's records and agreed that it was "highly unlikely" that he had anything to offer the claimant. We cannot find that failure to follow up with an orthopedic consultation scheduled "at her insistence," which all agree would be of no value, constitutes a refusal of treatment.

Code § 65.2-603(A)(1) provides that "[a]s long as necessary after an accident, the employer shall furnish or cause to be furnished, free of charge to the injured employee, a physician chosen by the injured employee from a panel of at least three physicians selected by the employer and such other necessary medical attention." Moreover,

> [t]he unjustified refusal of the employee to accept such medical service . . . when provided by the employer shall bar the employee from further compensation until such refusal ceases and no compensation shall at any time be paid for the period of suspension unless, in the opinion of the Commission, the circumstances justified the refusal.

Code § 65.2-603(B).

-

"Whether the employer is responsible for medical expenses pursuant to [Code § 65.2-603, formerly] Code § 65.1-88 depends upon: (1) whether the medical service was causally related to the industrial injury; (2) whether such other medical attention was necessary; and (3) whether the treating physician made a referral of the patient." Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 199, 336 S.E.2d 903, 906 (1985). "Whether medical attention is necessary is a matter for the attending physician or the . . . Commission to determine, not the employer." Id. at 200, 336 S.E.2d at 906. "The policy behind suspension of benefits during the period of a claimant's refusal of medical services is to compel the employee to take all reasonable steps to reduce the liability of the employer by seeking prompt medical attention where it is indicated." Davis v. Brown & Williamson Tobacco Co., 3 Va. App. 123, 128, 348 S.E.2d 420, 423 (1986).

In light of Dr. Moran's opinion that he saw "little chance of any surgical options," his reluctance to refer claimant for an orthopedic consultation, and Dr. Kerner's statement that it was "highly unlikely" that he had anything to offer claimant, the commission concluded that the "consultation" appointment, made at claimant's insistence, did not constitute necessary medical treatment. Based upon this record and the policy underlying the suspension of benefits during an unjustified

-

refusal of necessary medical treatment, we find no basis upon which to disturb the commission's finding.

Because we affirm the commission's finding that the appointment with Dr. Kerner did not constitute necessary medical treatment, we need not address the second question presented by employer.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

-