COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Willis


KENNETH C. BIRCH
                                        MEMORANDUM OPINION*
v.    Record No. 1419-02-4                  PER CURIAM
                                        OCTOBER 22, 2002
KELLAM DISTRIBUTING COMPANY, INC. AND
 TWIN CITY FIRE INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Kenneth C. Birch, pro se, on brief).

            (William C. Walker; Taylor & Walker, P.C., on
            brief), for appellees.


        Kenneth C. Birch (claimant) contends the Workers'

Compensation Commission erred in finding that (1) his July 11,

2001 change-in-condition application was barred by the

applicable statute of limitations; and (2) he failed to prove

that his medical treatment and prescriptions, other than

Dr. Charles D. Stegman's June 25, 1985, June 24, 1988, and

June 29, 1989 treatments, were causally related to his

compensable September 30, 1983 back injury.  Upon reviewing the

record and the parties' briefs, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I. Statute of Limitations

Code § 65.2-708 requires that an application alleging a change in condition and seeking temporary disability benefits must be filed within two years from the last date for which compensation was paid. A change-in-condition application seeking permanent disability benefits must be filed within three years from the last date for which compensation was paid.

Claimant last received compensation on September 30, 1984. He did not file his application until July 11, 2001, over sixteen years since the last date for which compensation was paid. Accordingly, the commission did not err in finding that claimant's application seeking an award of disability benefits was untimely.

## II. Medical and Prescription Expenses

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

"Whether the employer is responsible for medical expenses . . . depends upon: (1) whether the medical service was causally related to the industrial injury; (2) whether such other medical attention was necessary; and (3) whether the treating physician made a referral." Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 199, 336 S.E.2d 903, 906 (1985). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and

conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's claim for certain medical benefits, the commission found as follows:

> We find that the claimant has shown that Dr. Stegman's treatment on June 25, 1985, June 24, 1988, and June 29, 1989, were the result of the 1983 accident.  For the later dates, we cannot infer causation because too much time has passed. . . . Dr. Stegman, as the claimant's attending physician, has treated the claimant on occasion for many years since the accident. He diagnosed the claimant with "chronic" back pain and his office invoices indicate diagnoses of "back pain" and "sciatica pain."  The claimant testified that he continued to suffer from back pain and he claimed medical benefits for this pain caused by the accident since at least November 7, 1994, when he filed a Claim for such benefits.
>
> As for the prescriptions for pain, muscle relaxant, and anti-inflammatory medications, we do not believe that the claimant has shown a connection between the 1983 accident and these medications.  Absent an opinion or at least treatment records from Dr. Stegman showing that these medications were prescribed for back pain we are unable to speculate that they are the result of the 1983 accident.  We note that the claimant also suffers from other health conditions that might cause him pain.  For these reasons, we find the employer was not responsible for the June 15 and June 25, 2001 prescription costs.

In light of the lack of any medical evidence causally connecting the claimed medical and prescription costs to claimant's compensable September 30, 1983 back injury, we cannot

- 3 -

find as a matter of law that claimant's evidence sustained his burden of proof.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>