COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Agee and Kelsey
Argued at Salem, Virginia


NEWPORT NEWS SHIPBUILDING AND
 DRY DOCK COMPANY
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 1551-02-3          JUDGE ROBERT J. HUMPHREYS
                                         JANUARY 7, 2003
PERCELL W. SALISBURY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Christopher R. Hedrick (Mason, Cowardin &
        Mason, P.C., on brief), for appellant.

        Richard M. Thomas (A. Thomas Lane, Jr., on
        brief), for appellee.


    Newport News Shipbuilding and Dry Dock Company (employer)

appeals a decision of the Workers' Compensation Commission

awarding Percell W. Salisbury certain medical benefits.  Employer

argues that the commission erred in:  1) finding the condition for

which Salisbury sought treatment was related to his compensable

injury; and 2) finding that Salisbury's chiropractor was his

treating physician.  We disagree and for the reasons that follow,

affirm the commission's decision.

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.  Further, because this opinion has
no precedential value, we recite only those facts essential to
our holding.

On December 17, 1999, Salisbury sustained an injury to his lower back while he was working for Newport News Shipbuilding and Dry Dock Company. Employer accepted the claim as compensable and on September 8, 2000, the commission entered an award in his favor for lifetime medical benefits. On June 25, 2001, Salisbury filed a claim with the commission requesting that employer be ordered to pay for medical expenses he had incurred during his treatment with his chiropractor, Dr. Ronald D. Lowman. After a determination on the record, the commission ordered employer to compensate Salisbury for the medical expenses at issue, finding that Salisbury was permitted to seek treatment independently and that the treatment provided by Dr. Lowman was causally related to the December 17, 1999 accident.

On appeal, employer argues that the commission erred in finding that it was responsible for Salisbury's medical treatment as provided by Dr. Lowman. Employer further contends that the commission should not have treated "Chiropractor Lowman as the treating physician merely because [Salisbury] requested a panel of physicians on February 19, 2001."

We view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "A determination by the [c]ommission upon conflicting facts as to causal relationship is conclusive and binding on appeal, absent fraud, when such finding is supported by competent, credible evidence."

-

Watkins v. Halco Engineering, Inc., 225 Va. 97, 101, 300 S.E.2d 761, 763 (1983) (citing C.D.S. Services v. Petrock, 218 Va. 1064, 1070, 243 S.E.2d 236, 240 (1978)).  "Likewise, the [c]ommission's conclusions upon conflicting inferences, legitimately drawn from proven facts, are equally binding on appeal."  Id.  Furthermore, "[i]n determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997).

> "Whether the employer is responsible for medical expenses . . . depends upon: (1) whether the medical service was causally related to the industrial injury; (2) whether such other medical attention was necessary; and (3) whether the treating physician made a referral [to the patient]."

WLR Foods, Inc. v. Cardosa, 26 Va. App. 220, 231, 494 S.E.2d 147, 152 (1997) (quoting Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 199, 336 S.E.2d 903, 906 (1985)).

We first note that employer does not contend the treatment Salisbury received from Dr. Lowman was not medically necessary, nor does it appeal the commission's finding that Salisbury was permitted to seek treatment independently.  Instead, employer appeals only the commission's finding that the treatment was causally related to the December 1999 injury.

Dr. David Tornberg, the physician Salisbury was initially referred to by employer, diagnosed Salisbury with lumbar sacral

-

strain and opined that "[i]t would be the natural history of this condition, which is an ordinary condition of daily life, to resolve without further treatment." On January 12, 2000, Dr. Tornberg provided Salisbury with "[b]ack management instructions" and advised him to contact "Workers Comp [sic] for further referral if need be."

Subsequently, Salisbury moved to Staunton, Virginia. There, he sought treatment with Dr. Ronald D. Lowman, a chiropractor. Dr. Lowman diagnosed Salisbury with multiple cervical subluxations, dislocation to lumbar spine, intervertebral disc disorder without myelopathy, and myofascitis, myositis, myofibrosis or myalgia. Dr. Lowman subsequently provided Salisbury with chiropractic therapy through January 3, 2001, on an average of twice per week. By memorandum dated August 16, 2000, Dr. Lowman stated that Salisbury's condition was "with medical certainty caused by the industrial accident that occurred on December 17, 1999."

The commission found Dr. Lowman's opinion, relating Salisbury's condition and treatment to the December 1999 injury, to be credible and relied upon this evidence in determining that the treatment was causally related to Salisbury's compensable injury. However, contrary to employer's contention, although the commission held that Salisbury was permitted to seek treatment from Dr. Lowman independently, there is no evidence that the

-

commission gave the opinion of Dr. Lowman greater weight as Salisbury's "treating physician."

"We have said in a number of cases that great weight should be given to the testimony of the attending physician," versus any subsequent physician.  Williams v. Fuqua, 199 Va. 709, 714, 101 S.E.2d 562, 566-67 (1958).  We have also said that the opinion of the attending or "treating" physician, however, "is not binding upon the [c]ommission."  Id.  Indeed, we have found that "[t]he probative weight to be given [such] evidence is for the [c]ommission to determine, and if it is doubtful and in conflict with other medical evidence, the [c]ommission is free to adopt that which is most consistent with reason and justice."  Id.

Nevertheless, in the case at bar, there is simply no evidence that the commission gave the opinion of either physician greater weight as Salisbury's "treating physician."  Instead, the commission specifically found that Dr. Tornberg never released Salisbury as "recovered and symptom-free," but suggested that he contact employer for a further referral if he needed additional treatment.  Thus, the commission found no conflict in the medical evidence, determining that Dr. Lowman's opinion, relating the chiropractic treatment to Salisbury's December 1999 injury, was "uncontradicted" by the medical evidence in the record.

Because credible evidence in the record supports the commission's determination in this regard, we affirm.

                                                        Affirmed.

-