COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Annunziata and Agee
Argued at Alexandria, Virginia


FAIRFAX COUNTY SCHOOL BOARD

v.   Record No. 1119-02-4

SUSAN ELAINE MANOLA                          MEMORANDUM OPINION[*] BY
                                           JUDGE ROSEMARIE ANNUNZIATA
SUSAN ELAINE MANOLA                             JANUARY 28, 2003

v.   Record No. 1138-02-4

FAIRFAX COUNTY SCHOOL BOARD


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Michael N. Salveson (Hunton & Williams, on
            briefs), for Fairfax County School Board.

            Kathleen G. Walsh (Law Offices of Kathleen
            Walsh, on briefs), for Susan Elaine Manola.


     The Fairfax County School Board ("employer") appeals the

decision of the Workers' Compensation Commission ("commission"),

finding employer responsible for the cost of medical treatment

provided to Susan Manola ("claimant") from November 2000 through

July 16, 2001, and ordering employer to provide claimant with a

new panel of physicians.  Employer appeals the decision on the

following grounds: 1) the treatment claimant received between

November 2000 and July 2001 was not reasonable and necessary, 2)

claimant did not have a valid referral for her treatment between

_____
          * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

November 2000 and July 2001, and 3) a new panel of physicians was not required because claimant already had an authorized treating physician. Claimant cross-appeals on the ground that the trial court should have required employer to prove claimant's treatment by one doctor, Dr. Levin, was inappropriate in order to justify terminating his treatment.

## Background

On appeal from a decision of the commission, we review the evidence in the light most favorable to claimant, the party prevailing below. Lynchburg Foundry Co. v. Goad, 15 Va. App. 710, 712, 427 S.E.2d 215, 217 (1993). We will uphold the commission's decision so long as there is credible evidence to support it. Id. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Claimant is a music teacher. On February 2, 2000, she sustained a compensable injury by accident when she slipped on ice at work and fell on her outstretched arm. Claimant complained of pain in her hand, wrist, arm, neck, shoulder and back resulting from the accident. After claimant injured herself, employer presented her with a panel of physicians and she selected Dr. Edward Alexander, an orthopedic surgeon, as her

treating physician.[1]  On February 14, 2000, claimant saw Dr. Alexander for the first time.  Dr. Alexander referred claimant to Dr. Steven Levin, at her request, for manipulation and trigger point injections because he had treated her for similar problems since 1975.

On November 13, 2000, Dr. Alexander contacted employer's claims representative and questioned whether claimant's continued treatment with Dr. Levin was warranted.  Dr. Alexander stated in his letter to the representative:

> [A]t this point, I find it difficult to justify further treatments.  The [claimant] still complains of pain in her neck, but she has very little in the way of objective findings to substantiate these allegations.  At this point, I feel that though she has not reached maximum medical improvement that her treatment with Dr. Levin should be sufficient at least as of the first of November and I find it difficult to justify further treatments.  Probably, you should communicate with Dr. Levin to find out his opinion on this and what his justifications are for continuing treatment.

Dr. Levin immediately issued a report in favor of continuing claimant's treatment, stating she had made improvements under his care and that she continued to require his medical treatment.  When claimant expressed concern about Dr. Alexander's intent to curtail her treatments with Dr. Levin, Dr. Alexander recommended she visit the Center for Physical

---

[1] Under Code § 65.2-603, employer is required to provide employee with a panel of at least three physicians from which to select a treating physician.

- 3 -

Medicine and Pain Management ("CPMPM") for a consultation to determine the appropriateness of claimant's treatment with Dr. Levin.

Claimant saw Dr. Alexander on January 4, 2001, and he reported she was "depressed . . . tearful . . . and very angry" because she had not received treatment from Dr. Levin in several weeks. He noted claimant required "some sort of treatment" and instructed her to treat with Dr. Levin every two weeks pending the completion of an evaluation by Dr. James Johnsen at CPMPM.

On January 4, 2001, claimant saw Dr. Johnsen, who performed an electrodiagnostic consultation on claimant that was normal. He issued a report stating claimant had seen Dr. Levin 46 times and was still "quite symptomatic." He recommended a more limited approach to treatment, stating "My opinion is that, after 46 treatments with manipulation [with Dr. Levin], I do not feel that any more treatments will have any effect on the patient's underlying condition . . . ."

On February 26, 2001, Dr. Alexander contacted employer's claims representative and stated he "would tend to agree" with Dr. Johnsen. He told the representative that treatment with Dr. Levin should be terminated, but failed to provide a definitive date when treatment was to cease.

Claimant returned to Dr. Alexander on February 26, 2001. She told him she was unhappy with Dr. Johnsen, had no confidence

in him, and did not want to be treated by him.  Dr. Alexander reported in his physician's notes from that day:

> I am not doing anything further for her at this time and she does not want to be treated by Dr. Johnsen, so this essentially leaves Dr. Levin who has been treating her and is the only one who seems to be having any kind of success.  I do not really need to see her anymore and I would recommend that Dr. Levin be considered her treating physician barring periodic evaluations to determine her progress.  She seems to be doing better, she is working, so there is something to be said for her success.

Dr. Levin treated claimant 29 times between January 8, 2001 and June 14, 2001.  His reports indicate claimant improved slightly under his care, but upon each return visit, her complaints were similar to those in her previous visit.

In July 2001, Dr. Alexander found that Dr. Levin's course of treatment was not reasonable and necessary, stating "there must be an endpoint" and that treatment by Dr. Levin should cease after July 16, 2001 because claimant was not "getting any better."

The deputy commissioner concluded that Dr. Levin's treatment was "neither authorized, reasonable, nor necessary" after November 1, 2000.  The full commission reversed and found the employer was responsible for Dr. Levin's treatment after November 1, 2000.  The commission further found Dr. Levin's treatment was not reasonable or necessary after July 16, 2001.  Finally, the commission ordered employer to offer claimant a new

panel of physicians because Dr. Alexander "had ceased his role as treating physician."

## Analysis

### I. Referral

Employer argues that Dr. Alexander did not refer claimant to Dr. Levin, claiming he merely acknowledged that she preferred his treatment and acquiesced to her wishes. We disagree and find credible evidence supports the commission's finding that Dr. Alexander referred claimant to Dr. Levin and that the referral continued without revocation until July 16, 2001.

The employer's responsibility for medical expenses under Code § 65.2-603 depends upon "(1) whether the medical service was causally related to the industrial injury; (2) whether such other medical attention was necessary; and (3) whether the treating physician made a referral of the patient." Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 199, 336 S.E.2d 903, 906 (1985); Code § 65.2-603. A claimant bears the burden of proof on these issues by a preponderance of the evidence. McGregor v. Crystal Food Corp., 1 Va. App. 507, 508, 339 S.E.2d 917, 918 (1986). Claimant selected Dr. Alexander as her treating physician from the panel provided to her by employer. Therefore, Dr. Alexander was vested with the authority to refer claimant to specialists and to determine whether medical attention was authorized, reasonable, and necessary. See Jensen Press v. Ale, 1 Va. App. 153, 159, 336 S.E.2d 522, 525 (1985)

- 6 -

(decided under former Code § 65.1-88, predecessor to Code §
65.2-603) ("[M]edical management of the claimant is to be
directed by the treating physician . . . .").

Viewing the evidence in the light most favorable to
claimant, we find credible evidence supports the commission's
conclusion that claimant had a valid, continuous referral from
Dr. Alexander to treat with Dr. Levin from November 2000 until
July 16, 2001.  Dr. Alexander first referred claimant to
Dr. Levin on February 14, 2000, shortly after her accident.  In
November 2000, Dr. Alexander questioned whether treatments with
Dr. Levin should continue, but he did not establish a specific
end date.  Indeed, on January 4, 2001, Dr. Alexander explicitly
recommended claimant continue to treat with Dr. Levin, when he
reported "I would recommend that she re-institute the treatments
with Dr. Levin approximately every two weeks . . . . "
Dr. Alexander saw claimant again on February 26, 2001 and, in
his notes from the visit, wrote: "I am not doing anything for
her at his time . . . so this essentially leaves Dr. Levin, who
has been treating her and is the only one who seems to be having
any kind of success."

We further find the evidence in the record supports the
commission's determination that Dr. Alexander revoked his
referral to Dr. Levin effective July 16, 2001.  At that time,
Dr. Alexander found the treatment was no longer "reasonable and
necessary" and stated it should end on July 16, 2001.

- 7 -

## II.  Reasonable and Necessary Medical Attention

The commission awarded claimant benefits for medical expenses she incurred from November 2000 through July 16, 2001. Employer appeals the ruling on the ground that claimant's treatment by Dr. Levin between those dates was not reasonable and necessary medical attention within the meaning of Code § 65.2-603.  Because the commission made no findings as to the necessity or reasonableness of claimant's medical treatment for that time period, and we cannot determine from the record that it considered these criteria before making its award, the commission's award was erroneous.[2]

## III.  New Panel of Physicians

Employer further contends the commission erred when it required employer to provide a new panel of physicians to claimant after Dr. Alexander ceased treating her.  We disagree.

In the case at bar, the evidence establishes that Dr. Alexander ceased being claimant's treating physician on February 26, 2001.  On that date, Dr. Alexander told claimant to continue her treatments with Dr. Levin and recommended that "Dr. Levin be considered her treating physician . . . ."  On

---

[2] The deputy commissioner found that claimant's treatment between November 2000 and July 16, 2001 was not "authorized, reasonable or necessary."  Although the full commission stated it "affirmed in part and reversed in part" the deputy commissioner's opinion, the commission did not make clear whether it reversed the deputy commissioner's finding that the medical treatment for those dates was unreasonable and unnecessary.

July 16, 2001, however, Dr. Alexander revoked his referral to Dr. Levin when he stated Dr. Levin's treatment was not reasonable and necessary. Thus, as of July 16, 2001, claimant no longer had a treating physician and required a new panel from which to select a new physician. See, e.g., H.J. Holz & Son, Inc. v. Dumas-Thayer, 37 Va. App. 645, 656, 561 S.E.2d 6, 15-16 (2002).

## IV. Claimant's Cross Appeal

Claimant cross-appeals on the ground that the commission erred when it failed to require employer to prove Dr. Levin's treatment was "inappropriate" in order to terminate his compensable treatment of claimant.[3]

Code § 65.2-603 states: "[a]s long as necessary after the accident, the employer shall furnish or cause to be furnished, free of charge to the injured employee, a physician . . . and such other necessary medical attention." "Whether 'such other medical attention' be deemed necessary is for the attending physician or . . . commission to determine . . . ." Jensen Press, 1 Va. App. at 159, 336 S.E.2d at 525 (quoting Code § 65.1-88, predecessor to Code § 65.2-603). Therefore, when a treating physician determines claimant's medical attention is no longer "necessary and reasonable," an employer is no longer

---

[3] Claimant uses the term "inappropriate" rather than the statutory terms "reasonable and "necessary." For the purposes of this opinion, we treat the issue as one addressing the statutory requirements.

required to cover claimant's medical expenses.  Volvo White Truck Corp., 1 Va. App. at 200, 336 S.E.2d at 906.

In the case at bar, the commission found that claimant's treating physician, Dr. Alexander, determined Dr. Levin's treatment would not be "reasonable and necessary" after July 16, 2001.  The employer, thus, was no longer responsible for medical expenses claimant incurred for Dr. Levin's treatment.  There is credible evidence to support the commission's finding.  Throughout claimant's treatment by Dr. Levin, Drs. Alexander and Johnsen repeatedly expressed doubts that the treatment was necessary and reasonable.  As early as November 2000, Dr. Alexander stated he could not justify Dr. Levin's treatment after November 2000.  As the commission noted, "after an additional eight months of almost weekly care by Dr. Levin, Dr. Alexander reiterated that his ongoing treatment was unreasonable and unnecessary.  Dr. Johnsen concurred with Dr. Alexander's opinion in January 2001."  Thus, the medical records and opinions of Drs. Alexander and Johnsen provide credible evidence to support the commission's finding that claimant's treatment after July 16, 2001 was not reasonable or necessary.

## V.  Conclusion

In summary, we find credible evidence supports the commission's determination that claimant had a valid referral for treatment with Dr. Levin from November 2000 through July 16, 2001 and that the referral was revoked effective July 16, 2001.

Additionally, the evidence supports the commission's finding that Dr. Levin's treatment after July 16, 2001 was no longer reasonable and necessary and, thus, was not compensable.

We reverse the commission's award for benefits from November 2000 through July 16, 2001 on the ground that it made no findings that treatment for that time period was reasonable and necessary. We remand to the commission for further consideration of the issue.

Finally, we affirm the commission's decision to award claimant a new panel of physicians.

<u>Affirmed, in part, reversed, in part and remanded</u>.