COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Annunziata
Argued at Richmond, Virginia


CHARTER INTEGRATED SERVICES AND
 HOME INDEMNITY COMPANY
                                      MEMORANDUM OPINION* BY
v.    Record No. 2243-01-4            JUDGE LARRY G. ELDER
                                           APRIL 30, 2002
RICHARD J. SKOFF


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Kevin W. Cloe (Charles F. Midkiff; Midkiff,
               Muncie & Ross, P.C., on brief), for
               appellants.

               (Richard Skoff, pro se, on brief).


     Charter Integrated Services and Home Indemnity Company

(employer) appeal from a decision of the Workers' Compensation

Commission (commission) finding employer responsible for medical

treatment rendered to Richard Skoff (claimant) by Dr. Michael

Hoffstetter.  On appeal, employer contends the evidence failed

to prove Dr. Hoffstetter's treatment was causally related to

claimant's compensable injury.  We hold credible evidence

supported the commission's conclusion that Dr. Hoffstetter's

treatment was causally related to claimant's industrial injury,

and we affirm the commission's decision.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal of a decision of the commission, we construe the evidence in the light most favorable to the party prevailing below, and we must uphold the commission's findings of fact if the record contains credible evidence to support them.  See, e.g., Lynchburg Foundry Co. v. Goad, 15 Va. App. 710, 712, 427 S.E.2d 215, 217 (1993).

Code § 65.2-603(A)(1) provides that for "[a]s long as necessary after a [compensable industrial] accident, the employer shall furnish or cause to be furnished, free of charge to the injured employee, a physician chosen [in the manner prescribed by the Workers' Compensation Act] and such other necessary medical attention."  Whether the employer is responsible for medical expenses under this code section depends upon "(1) whether the medical service was causally related to the industrial injury; (2) whether such other medical attention was necessary; and (3) whether the treating physician made a referral of the patient."  Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 199, 336 S.E.2d 903, 906 (1985).  A claimant bears the burden of proof on these issues by a preponderance of the evidence.  McGregor v. Crystal Food Corp., 1 Va. App. 507, 508, 339 S.E.2d 917, 918 (1986).  However,

> [w]hether "such other medical attention" be
> deemed necessary is for the attending
> physician or . . . [c]ommission to
> determine, not the employer.  So long as a
> causal relationship between the industrial
> accident and the complaints which are the
> subject of the referral is shown, the

- 2 -

> employer is financially responsible for the medical attention which the attending physician deems necessary, subject to review by the [c]ommission.

Jenson Press v. Ale, 1 Va. App. 153, 159, 336 S.E.2d 522, 525 (1985) (citation omitted) (decided under former Code § 65.1-88, predecessor to Code § 65.2-603).

Furthermore, an employer's liability extends to "'all the medical consequences and sequelae that flow from the primary injury.'" American Filtrona Co. v. Hanford, 16 Va. App. 159, 163, 428 S.E.2d 511, 513 (1993) (quoting 1 Arthur Larson, The Law of Workmen's Compensation § 13.11 (1992)). "'[E]xacerbation of the claimant's condition resulting from antibiotics, antitoxins, sedatives, pain killers, anesthesia, . . . or corrective or exploratory surgery' is compensable." Id. (quoting Larson, supra, § 13.21(a) (footnotes omitted)).

Finally, "'[m]edical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing.' The testimony of a claimant may also be considered in determining causation, especially where the medical testimony is inconclusive." Dollar Gen'l Store v. Cridlin, 22 Va. App. 171, 176, 468 S.E.2d 152, 154 (1996) (quoting Hungerford Mech. Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991)) (citation omitted).

Employer conceded before the commission "that Dr. [Thomas C.] Schuler and Dr. [Joseph K.] Statkus are treating physicians

- 3 -

in this matter" and that Dr. Statkus referred claimant to Dr. Hoffstetter. On appeal, employer contests only the commission's conclusion that the medical treatment provided by Dr. Hoffstetter was causally related to claimant's 1995 injury. We hold that credible evidence in the record supports the commission's finding that claimant's three visits to Dr. Hoffstetter were, in fact, causally related to his compensable back injury.

Dr. Schuler, the physician who performed claimant's back surgeries in 1998, originally expressed much uncertainty about the source of claimant's ongoing pain after those surgeries. However, on August 18, 2000, Dr. Schuler opined that claimant's ongoing pain was "directly related" to his industrial injury. Dr. Schuler listed claimant's five diagnoses as lumbar postlaminectomy syndrome, lumbar radiculopathy, bilateral sacroiliitis, chronic pain syndrome and fibromyalgia. He noted claimant's "ongoing complaints of pain that date back to the time of his accident" and opined that "[claimant's] ongoing problems," thereby implicitly incorporating the immediately preceding list of diagnoses, "are directly related to his accident and the subsequent treatment for that." Thus, credible evidence supports a finding that Dr. Schuler found a direct connection between claimant's injury and his chronic pain.

Claimant first saw Dr. Hoffstetter on referral from Dr. Statkus, who had been treating claimant's chronic pain on

- 4 -

referral from Dr. Schuler.  Dr. Statkus made the referral based on claimant's reports of memory loss and confusion which began after he developed a post-surgical infection and underwent debridement of his back surgery site on February 22, 1998. Dr. Statkus noted that the worsening of the episodes caused him to "wonder about some kind of embolic event" which may have occurred as a result of claimant's infection.  Dr. Statkus's referral to Dr. Hoffstetter, at a minimum, was designed to determine whether a direct causal connection existed between claimant's surgery and his memory loss.  Thus, it was causally related to claimant's compensable injury.

Further, the results of Dr. Hoffstetter's examination and testing indicated that claimant's memory difficulties were "attributed to pain and concurrent depression," and Dr. Statkus opined that claimant's "depression [was] secondary to [his] chronic pain."  Thus, Dr. Schuler's opinion that claimant's chronic pain was caused by his compensable injury provided a direct causal connection between claimant's injury and his first two visits to Dr. Hoffstetter.

Dr. Schuler's opinion that claimant's "ongoing complaints of pain" resulted from his compensable injury also provides a sufficient causal connection between claimant's injury and his third visit to Dr. Hoffstetter.  Dr. Statkus referred claimant to Dr. Hoffstetter on this occasion because claimant was experiencing headaches which were worsening and were severe

enough "that [claimant] cannot do much of anything."  Claimant testified that he had had only one headache in his life prior to his back surgery and that he underwent "surgery [for a sinus problem] and took care of that.  No other headaches."  Thus, Dr. Schuler's opinion that claimant's ongoing pain from several diagnosed conditions was caused by his compensable injury was sufficient to provide the necessary link between claimant's injury and Dr. Hoffstetter's treatment of claimant for headaches.

For these reasons, we hold credible evidence supports the commission's award, and we affirm.

Affirmed.