COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Fitzpatrick, Judges Humphreys and Clements
Argued at Alexandria, Virginia


BELL ATLANTIC - VIRGINIA, INC.
 AND VERIZON VIRGINIA, INC.

                                                    MEMORANDUM OPINION[*] BY
v.          Record No. 2370-03-4                    JUDGE ROBERT J. HUMPHREYS
                                                    MARCH 9, 2004
DAVID N. JETT, III


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Eric J. Berghold (McCandlish & Lillard, on brief), for appellant.

David L. Bayne, Jr. (Ashcraft & Gerel, LLP, on brief), for appellee.


        Bell Atlantic - Virginia, Inc. and its insurer, Verizon Virginia, Inc. (collectively

"employer"), appeal from a decision of the Workers' Compensation Commission, awarding

David N. Jett, III medical benefits related to recommended surgery for Jett's left carpal tunnel

syndrome.  Employer contends the commission erred in finding the evidence sufficient, as a

matter of law, to establish that Jett's "left carpal tunnel syndrome," and the associated surgery,

were related to his compensable accident of July 1, 1999.[1]  We disagree and affirm the

commission's decision.

        In accord with settled principles of appellate review, the evidence must be construed in

the light most favorable to the party that prevailed below.  Crisp v. Brown's Tysons Corner

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover,
as this opinion has no precedential value, we recite only those facts necessary to our holding.

[1] Employer actually raises four separate Questions Presented on appeal.  However, the
four questions, in essence, present this single issue.

Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986). Furthermore, it is well-established that factual findings made by the commission, which are supported by credible evidence, are conclusive and binding upon the Court of Appeals. Caskey v. Dan River Mills, Inc., 225 Va. 405, 411, 302 S.E.2d 507, 510-11 (1983). Thus,

> "[i]f there is evidence, or reasonable inferences can be drawn from the evidence, to support the Commission's findings, they will not be disturbed on review, *even though there is evidence in the record to support a contrary finding*." Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986); see Code § 65.2-706. "The actual determination of causation is a factual finding[.]" Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989)[.] . . . Further, "[a] *question raised by conflicting medical opinion is a question of fact*." Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986) (citations omitted).

Russell Stover Candies v. Alexander, 30 Va. App. 812, 825-26, 520 S.E.2d 404, 411 (1999) (emphases added).

An employer's responsibility for medical expenses depends upon "(1) whether the medical service was causally related to the industrial injury; (2) whether such other medical attention was necessary; and (3) whether the treating physician made a referral to the patient." Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 199, 336 S.E.2d 903, 906 (1985); Code § 65.2-603. The claimant bears the burden of proof on these issues. McGregor v. Crystal Food Corp., 1 Va. App. 507, 508, 339 S.E.2d 917, 918 (1986).

In the case at bar, employer argues *only* that the evidence failed to establish Jett's left carpal tunnel syndrome, and therefore the associated surgery, was "causally related" to his work-related injury of July 1, 1999. However, when viewed appropriately, the evidence clearly supports the commission's finding that the proposed surgery was related to Jett's accident and resulting injury. Indeed, in the Memorandum of Agreement, filed by the parties in November of 1999, Jett and employer agreed that the nature of his injury was "[c]ervical strain, lumbar strain,

[and] *left carpal tunnel syndrome.*" (Emphasis added). The commission subsequently awarded Jett various benefits, including medical benefits "for as long as necessary."

Although Jett did not seek authorization and payment for the left hand surgery until nearly three years later (January 14, 2003), Jett's medical records demonstrate that he experienced continuing problems with his left hand during that time frame. Perhaps more significantly, in April of 2002, Jett's treating physician, Dr. Rida N. Azer, diagnosed Jett with left carpal tunnel syndrome, noting that Jett suffered "significant residuals from his work accident of 07/01/99." Dr. Azer then referred Jett to Dr. Hampton Jackson for an evaluation concerning Jett's "limb" impairment. In Dr. Jackson's report, dated April 30, 2002, Dr. Jackson stated as follows, in relevant part:

> Mr. Jets [sic] was referred by Dr. Azer for evaluation for continued disability of his upper extremities, neck, and in fact the lower extremities. . . . I have expressed to this patient that because of his cervical disc injury sustained at work, his need for surgery, the subsequent late sequelae of events, the degeneration after his surgery and the fact that he continues to need additional surgery, *all as a result of the accident of 07/01/99*, he has a permanent and partial impairment of his arms.

(Emphasis added). Dr. Azer subsequently recommended that Jett undergo surgery for his left carpal tunnel syndrome.

As indicated above, "[w]e do not retry the facts before the Commission nor do we review the weight, preponderance of the evidence, or the credibility of witnesses." Caskey, 225 Va. at 411, 302 S.E.2d at 510. Moreover, "[t]he probative weight to be accorded [medical] evidence is for the Commission to decide; and if it is in conflict with other medical evidence, the Commission is free to adopt that view 'which is most consistent with reason and justice.'" Georgia-Pacific Corp. v. Robinson, 32 Va. App. 1, 5, 526 S.E.2d 267, 269 (2000) (quoting C.D.S. Constr. Servs. v. Petrock, 218 Va. 1064, 1070, 243 S.E.2d 236, 241 (1978)). Thus, the fact that contrary evidence appears in the record is inconsequential. Because we find that

credible evidence in the record supports the commission's determination that Jett's left carpal tunnel syndrome, and therefore the associated treatment, was causally related to his work-related accident of July 1, 1999, we affirm its award of benefits to Jett.

<u>Affirmed.</u>