COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, McClanahan and Senior Judge Coleman
Argued at Salem, Virginia


LORNE A. MILETTE

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2670-05-3                JUDGE SAM W. COLEMAN III
                                                          JUNE 6, 2006
HAYMES BROTHERS, INC. AND
 HARTFORD FIRE INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                Robert L. Morrison, Jr. (Williams, Morrison, Light & Moreau, on
                brief), for appellant.

                Richard D. Lucas (Lucas Law Firm, PLC, on brief), for appellees.


        Lorne A. Milette (claimant) appeals a decision of the Workers' Compensation

Commission denying his August 10, 2004 Claim for Benefits seeking to hold Haymes Brothers,

Inc. and its insurer (hereinafter referred to as "employer") responsible for the cost of total knee

replacement surgery. Claimant contends the evidence was not sufficient to support the

commission's denial of his claim. We disagree, and affirm the commission's decision.

        On appeal, we view the evidence in the light most favorable to the prevailing party.

R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

        Claimant sustained a knee injury on May 30, 2002, while working for employer as a

crane operator. Employer accepted the claim as compensable, and claimant received temporary

total disability benefits under an award until August 26, 2002, when he returned to work.

Claimant now works as a crane operator for a different employer.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On June 4, 2002 claimant came under the care of Dr. Stuart J. Kramer. Dr. Kramer remains claimant's authorized treating physician. An MRI ordered by Dr. Kramer showed significant degenerative changes and degenerative tears of the meniscus in the injured left knee. On July 5, 2002, Dr. Kramer performed outpatient arthroscopic knee surgery. After that surgery, Dr. Kramer prescribed medication and physical therapy. On August 20, 2002, Dr. Kramer released claimant to regular duty.

Dr. Kramer's medical records show that claimant continues to experience knee pain. Dr. Kramer made several references to claimant needing "further intervention" at some point. On August 14, 2003, Dr. Kramer discussed with claimant "further intervention with the possibility of a knee replacement," but noted that "[a]t the present time [claimant] wants to hold off on this." On November 18, 2003, Dr. Kramer noted he thought claimant "is going to eventually come to a knee replacement and we have again talked about this." Dr. Kramer's notes dated February 9, 2004 indicate that claimant did not want the surgery at that time. On July 1, 2004, Dr. Kramer noted that he and claimant again talked about the risks and potential complications of the surgery. Dr. Kramer noted that the claimant wanted to talk to the carrier and then would "let me know."

Claimant testified that Dr. Kramer did not want to perform the total knee replacement surgery while claimant was still working as a crane operator. Claimant, who was fifty-eight years old at the time of the February 1, 2005 hearing, stated that he is not planning to retire for at least five years but would like the operation before he retires.

Based upon this record, the commission found that claimant had not presented evidence, other than his stated desire to have the surgery now, that would permit the commission to override the medical advice of the treating physician which was that claimant would "eventually" need a knee replacement.

The employer's responsibility for medical expenses under Code § 65.2-603 depends upon "(1) whether the medical service was causally related to the industrial injury; (2) whether such other medical attention was *necessary*; and (3) whether the treating physician made a referral of the patient." Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 199, 336 S.E.2d 903, 906 (1985) (emphasis added); Code § 65.2-603. Claimant focuses on an incorrect standard of review when he couches the issue in terms of the evidence being insufficient to support the commission's finding. He is correct in the hearing before the commission that he bore the burden of proof on these issues by a preponderance of the evidence, not employer. See McGregor v. Crystal Food Corp., 1 Va. App. 507, 508, 339 S.E.2d 917, 918 (1986). However, on appeal, unless we can say that claimant's evidence established as a matter of law that knee replacement surgery was necessary at the time of the hearing before the commission, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The record contains no medical opinion that it was reasonable and necessary for claimant to undergo a total knee replacement at the time he filed his claim or at the time of the hearing on his claim. Absent medical evidence that the surgery was reasonable and necessary at that time, coupled with claimant's testimony that Dr. Kramer did not want to perform the surgery until claimant stopped working as a crane operator, we cannot find that claimant as a matter of law proved the surgery was reasonable and necessary at that time.[1] Therefore, the commission's findings are binding and conclusive upon us.

Because we find no merit with respect to claimant's argument regarding the reasonableness and necessity of the surgery, we need not address the causation issue raised by

---

[1] In rendering our decision, we did not consider any evidence that was not properly before the commission when it rendered its decision.

claimant.  We also note that the causation issue was raised for the first time in employer's written statement before the commission, and the commission did not consider that issue in its opinion.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>