COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and Petty
Argued at Salem, Virginia


OUTREACH CONSTRUCTION AND
   SOUTHERN INSURANCE COMPANY OF VIRGINIA
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1391-09-3            CHIEF JUDGE WALTER S. FELTON, JR.
                                                    JANUARY 12, 2010
RAYMOND J. PETERSON


               FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Robert M. McAdam (Kalbaugh, Pfund & Messersmith, P.C., on
               brief), for appellants.

               Charles R. Allen, Jr., for appellee.


       Outreach Construction and its insurer, Southern Insurance Company of Virginia,

(collectively "employer") appeal the Workers' Compensation Commission's ("commission")

decision that Raymond J. Peterson ("claimant") sustained a compensable injury to his neck on

September 22, 2007.  Employer contends the commission erred in finding that claimant's

work-related injury on September 22, 2007 materially aggravated his pre-existing neck injury.  It

specifically argues that the commission erred in finding that claimant's testimony was credible,

erred in accepting Dr. Harron's opinion that the accident materially aggravated claimant's

pre-existing cervical disc injury, and erred in failing to make a specific credibility finding regarding

its claims adjuster, George Hoang.  Employer also contends the commission erred in finding that

Dr. Torre and Dr. Bravo were authorized treating physicians for claimant's compensable wrist

injury.  For the following reasons, we affirm the commission's decision.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  BACKGROUND

On appeal from a decision of the commission, we review the evidence and all reasonable inferences that may be drawn from that evidence in the light most favorable to the party prevailing below.  Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83, 608 S.E.2d 512, 517 (2005) (en banc).  We are bound by the factual findings of the commission, so long as they are supported by credible evidence in the record.  Southern Iron Works, Inc. v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993).

At the time of the injury that is the subject of these proceedings, claimant was a licensed contractor and the sole owner of Outreach Construction.  On September 22, 2007, claimant fell and fractured his left wrist when a metal scaffold on which he stepped broke.  He was referred to Dr. Eckert for treatment of his left wrist fracture.  That treatment included placing claimant's left wrist and forearm in a cast for three months, limiting the use of his left arm during that time period.

Claimant testified at the deputy commissioner's hearing that, after the initial wrist cast was removed and he began using his left arm more extensively, he continued to have pain and decreased range of motion in his left wrist and that he experienced increasing pain and burning in his neck and left triceps.  He testified that he repeatedly told his treating doctors of pain in his left arm and neck.

On January 11, 2008, claimant filed his initial claim for benefits with the commission, stating that on September 22, 2007 he sustained injury by accident to his left wrist.

Dr. Eckert's records of his examination of claimant on January 15, 2008, after the cast had been removed, reflect that on that date claimant reported pain in his left arm and neck. Dr. Eckert told claimant that the fracture in his left wrist had healed.  However, he ordered an

MRI of claimant's neck area.[1]  When claimant continued to complain of left wrist problems,

Dr. Ball, claimant's primary care physician, referred him to Dr. Torre for further examination of

his wrist.  He also referred claimant to Dr. Harron, a neurosurgeon, to evaluate his neck

complaints.

On February 27, 2008, Dr. Torre examined claimant's wrist, told him his wrist fracture

had healed, gave him injections to relieve his wrist discomfort, and advised against surgery.

On March 14, 2008, Dr. Harron determined that claimant had a cervical disc herniation at

C6-7, causing significant cervical spinal stenosis and nerve root compression.  He performed

surgery on claimant on April 22, 2008 to repair that condition.  On June 11, 2008, when claimant

asked Dr. Harron what precipitated the surgery, Dr. Harron told him that it was "related to the

fall . . . which resulted in the fracture of his left wrist."  Five days later, on June 16, 2008,

claimant filed an amended claim for benefits, stating that he also injured his neck as a result of

his September 22, 2007 fall.

In July 2008, Dr. Ball referred claimant to a local wrist specialist, Dr. Bravo, after

claimant continued to experience pain and decreased range of motion in his left wrist.  On

September 4, 2008, Dr. Bravo performed arthroscopic surgery on claimant's left wrist.

Following an evidentiary hearing, a deputy commissioner found that "claimant [was]

credible, both in terms of the substance of his testimony and in terms of his demeanor," and

concluded that claimant "materially aggravated his pre-existing neck condition in the accident of

---

[1] "Magnetic resonance imaging (MRI) is a method of visualizing soft tissues of the body by applying an external magnetic field that makes it possible to distinguish between hydrogen atoms in different environments." United Airlines, Inc. v. Sabol, 47 Va. App. 495, 498 n.2, 624 S.E.2d 692, 693 n.2 (2006) (citing Dorland's Illustrated Medical Dictionary 877 (29th ed. 2000)).

- 3 -

September 22, 2007," thereby sustaining a compensable injury.[2]  The deputy commissioner also found that, because Dr. Ball, claimant's primary treating physician, referred claimant to Dr. Torre and Dr. Bravo for treatment of his left wrist injury, those doctors were authorized treating physicians for that injury and that employer was responsible for the medical costs of that treatment.

Employer appealed to the full commission, which affirmed the deputy commissioner's decision.  This appeal followed.

## II.  ANALYSIS

### A.  Wrist Injury

Employer does not dispute that claimant's left wrist fracture was a compensable work-related injury.  However, it contends the commission erred in finding that Dr. Torre and Dr. Bravo were authorized treating physicians for that injury.

An employer's responsibility for medical expenses under Code § 65.2-603[3] is determined by "(1) whether the medical service was causally related to the industrial injury; (2) whether such other medical attention was necessary; and (3) whether the treating physician made a referral of the patient."  Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 199, 336 S.E.2d 903, 906 (1985).  A claimant bears the burden of proof on these issues by a preponderance of the evidence.  McGregor v. Crystal Food Corp., 1 Va. App. 507, 508, 339 S.E.2d 917, 918 (1986).

> The rule is well settled that an employee may change a treating
> physician *when referred by the authorized treating physician*,

---

[2] It is uncontested that claimant sustained a previous work-related neck injury in 1994 in New York, which required surgery in 1995.  A 1998 MRI exam showed a cervical disc bulge at C6-7 and, in 2001, tests showed that claimant had a broad based herniated cervical disc at C6-7 with no cord compression.

[3] Code § 65.2-603 provides, in part, "As long as necessary after an accident, the employer shall furnish or cause to be furnished, free of charge to the injured employee, a physician . . . and such other necessary medical attention."

- 4 -

> when confronted with an emergency, or when given permission by the commission or the employer. The issue whether a treating physician has made a valid referral of his patient to another physician for treatment is a factual question.

K & K Repairs & Constr. v. Endicott, 47 Va. App. 1, 6, 622 S.E.2d 227, 229 (2005) (emphasis added) (citations omitted).

It is uncontested that Dr. Ball, claimant's primary care physician, was his authorized treating physician. Claimant's medical records, as well as his testimony, show that Dr. Ball referred claimant to Dr. Eckert for initial treatment of his fractured left wrist, and thereafter to Dr. Torre for further treatment and evaluation of his wrist. He finally referred claimant to Dr. Bravo who performed arthroscopic surgery on claimant's left wrist. The record supports the commission's finding that Dr. Ball authorized each of these referrals. Dr. Eckert, and subsequently Dr. Torre, informed claimant that his left wrist fracture was healed and that surgery would not be advisable. However, claimant continued to experience pain in his left wrist. Dr. Ball then referred claimant to a local wrist specialist, Dr. Bravo, who performed arthroscopic surgery on claimant's injured left wrist to relieve the continuing pain he had experienced.

From the record before us, we conclude that the commission did not err in finding that Dr. Torre and Dr. Bravo were authorized treating physicians. Accordingly, it did not err in finding employer liable for claimant's medical expenses incurred for their treatment of claimant's left wrist.

B. Neck Injury

Employer also contends the commission erred in finding that claimant suffered a compensable injury by accident to his neck when he fell on September 22, 2007, aggravating a pre-existing neck injury. We conclude the commission did not err in that finding.

In cases involving pre-existing injuries, the law is clear: "'[I]f the accident accelerates or aggravates a pre-existing diseased condition, the injured party is entitled to compensation . . . .'"

Liberty Mut. Ins. Co. v. Money, 174 Va. 50, 55-56, 4 S.E.2d 739, 741 (1939) (quoting 1 William R. Schneider, The Law of Workmen's Compensation § 290 (2d ed. 1932)); see also Ohio Valley Constr. Co. v. Jackson, 230 Va. 56, 58, 334 S.E.2d 554, 555 (1985). Claimant bears the burden of proof by a "preponderance of credible evidence that he sustained a material aggravation of a preexisting . . . condition." Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 234, 409 S.E.2d 824, 828 (1991).

"Causation is a factual determination to be made by the commission, but the standards required to prove causation and whether the evidence is sufficient to meet those standards are legal issues which we must determine." Anthony v. Fairfax County Dep't of Family Servs., 36 Va. App. 98, 103, 548 S.E.2d 273, 276 (2001) (citing Morris v. Morris, 238 Va. 578, 385 S.E.2d 858 (1989)). "By statute, the commission's factual findings are conclusive and binding on this Court when those findings are based on credible evidence." City of Waynesboro v. Griffin, 51 Va. App. 308, 312, 657 S.E.2d 782, 784 (2008) (citing Code § 65.2-706). Moreover, "'we are bound by these findings of fact as long as there was credible evidence presented such that a reasonable mind *could* conclude that the fact in issue was proved.'" Id. (quoting Perry v. Delisle, 46 Va. App. 57, 67, 615 S.E.2d 492, 497 (2005) (en banc)). As the finder of fact, "[t]he commission [is] privileged to draw . . . reasonable inference[s] from the evidence . . . ." Buzzo v. Woolridge Trucking, Inc., 17 Va. App. 327, 333, 437 S.E.2d 205, 209 (1993).

1.

Employer argues that the commission erred in finding there was credible evidence to support its finding that claimant's fall on September 22, 2007 materially aggravated his pre-existing herniated cervical disc. It asserts that claimant's testimony, that he experienced pain in his neck and left triceps within days of the accident, was not credible because he failed to report that pain to his doctor before his January 15, 2008 examination by Dr. Eckert, and failed

to include his neck injury on his employer accident report and initial claim for benefits with the commission.[4]

"'In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses.'" Pruden v. Plasser Am. Corp., 45 Va. App. 566, 574-75, 612 S.E.2d 738, 742 (2005) (quoting Wagner Enterprises, Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991)); see also Code § 65.2-706(A).

At his evidentiary hearing, the deputy commissioner specifically found claimant's testimony to be credible.

Claimant testified that within days of the accident he began experiencing pain in his left triceps and neck, which he initially attributed to his left wrist injury.[5] He testified that, prior to January 15, 2008, he "complained to every doctor," including Dr. Eckert, the orthopedist to whom he had been referred for treatment of his fractured wrist, that he had pain in his neck and left triceps muscle radiating into his left hand, but that Dr. Eckert only examined him to see how his left wrist was healing. Claimant further testified that, after the left wrist cast had been removed and he increased the use of his left arm, he began to experience "increasingly more unbearable" pain and burning in his neck and left triceps. Dr. Eckert's records of claimant's January 15, 2008 examination, after the left wrist cast had been removed, showed that claimant complained to him of pain in his neck and left triceps.[6] At that time, claimant told Dr. Eckert

---

[4] Claimant's September 24, 2007 employer accident report and his initial January 11, 2008 claim for benefits described the nature of his injury as a broken left wrist and contained no reference to a neck injury.

[5] Both claimant and his wife, Carol Peterson, testified that he did not experience severe pain in his neck or left triceps area before the September 22, 2007 accident.

[6] Dr. Ball's records also showed that claimant complained of pain in his neck and left arm on January 4, 10, and 11, 2008.

that he did not know whether the neck and left triceps pain was related to his fractured left wrist or to a neck problem.

Dr. Harron's records showed that, on June 11, 2008, he informed claimant that his neck and left arm pain was "related to the fall he had which resulted in the fracture of his left wrist." By letter dated June 13, 2008, received by the commission on June 16, 2008, claimant filed his amended claim for benefits, to include the neck injury.

Based on our review of the record on appeal, we conclude that the commission did not err in finding that claimant's testimony relating to his increasing neck pain following the September 22, 2007 fall was credible. The deputy commissioner specifically found that claimant's testimony at the evidentiary hearing was credible based on claimant's appearance, demeanor, and the substance of his testimony. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).

2.

In examining claimant's prior medical records, Dr. Harron found that claimant had suffered a herniated cervical disc in his neck area prior to his September 22, 2007 fall. He testified that it was his expert opinion, to a reasonable degree of medical certainty, that claimant materially aggravated his previously existing herniated cervical disc in his neck when he fell on September 22, 2007, and that this aggravated injury precipitated the neck surgery he performed on claimant. Dr. Harron testified that he based his expert opinion on his examination of claimant, his review of claimant's prior medical records, including the June 20, 2001 MRI report showing a herniated disc at C6-7, and claimant's experiencing neck symptoms different from and more severe than those he experienced before the September 22, 2007 accident. See Clinch Valley Med. Ctr. v. Hayes, 34 Va. App. 183, 192, 538 S.E.2d 369, 373 (2000) ("Causation is

usually proven by medical evidence." (citing <u>Reserve Life Ins. Co. v. Hosey</u>, 208 Va. 568, 570, 159 S.E.2d 633, 635 (1968))).

From the record on appeal, we conclude that the commission did not err in its finding that claimant sustained a compensable injury by accident to his neck on September 22, 2007, and did not err in its award of disability and medical benefits relating to claimant's neck injury.

3.

On appeal, employer also presents the following question: "Whether there was credible evidence to support the [c]ommission's failure to find . . . [e]mployer's witness, George Hoang[,] to be a credible witness."

Hoang, employer's insurance claims adjuster, testified that he took over claimant's file in November 2007. He contacted Dr. Eckert, who was then treating claimant's left wrist, in late December 2007. Dr. Eckert's staff told Hoang that claimant had not scheduled a subsequent follow-up visit. Thereafter, Hoang contacted claimant who informed the claims adjuster that he did not think that another follow-up visit with Dr. Eckert would be necessary as his left wrist was doing fine at that time. Hoang did not ask claimant about his neck in December 2007, as he had no indication anything was wrong with his neck, and claimant did not mention any neck problems. However, in January 2008, after his wrist cast was removed and he began using his left arm more, claimant complained to Dr. Eckert of "[n]eck & [a]rm pain [that] has become increasingly more unbearable."

The commission specifically found:

> Hoang's testimony about closing and reopening his file in response
> to conversations with . . . claimant in late December 2007 and
> mid-January 2008 is not especially probative of whether . . .
> claimant injured his neck in the accident or whether . . . claimant is
> a credible witness. *Neither witness's credible testimony negates*
> *the other witness's testimony.*

(Emphasis added).  We cannot find in the record on appeal that the commission failed to find employer's witness, George Hoang, to be a credible witness.  In fact, it found him to be credible.

### III.  CONCLUSION

For the foregoing reasons, we affirm the award of the commission, finding that claimant sustained a compensable injury by accident to his neck on September 22, 2007, which materially aggravated a pre-existing cervical disc injury requiring surgery.  We also affirm the award of the commission, finding that claimant sustained a compensable injury by accident to his left wrist on September 22, 2007, and that Dr. Torre and Dr. Bravo were authorized treating physicians for claimant's left wrist injury.

Affirmed.